UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Susana Ika, <br><br> Plaintiff <br><br> v. <br><br> Delta Air Lines Inc., <br><br> Defendant | Case No.: 2:24-cv-02395-CDS-DJA <br><br> Order Denying Plaintiff's Request for Entry of Default and Motion for Default Judgment <br><br> [ECF Nos. 34, 35] |

Plaintiff Susana Ika, appearing pro se, seeks entry of a clerk's default and default judgment against defendant Delta Air Lines, Inc. ECF Nos. 34, 35. The motion is fully briefed. Opp'n, ECF No. 41; Reply, ECF No. 44. Because I find that entry of default against Delta is not appropriate, Ika's request for default and motion for default judgment are denied.

I. Discussion

Ika commenced this action against Delta in December 2024, and Delta was served with the summons and complaint on March 14, 2025. Compl., ECF No. 1; Summons, ECF No. 8. Delta made its first appearance on April 2, 2025, seeking an extension of time to answer Ika's complaint. Stip., ECF No. 9. On April 28, outside of the time to amend as a matter of right and without leave of court, Ika filed a first amended complaint. Am. Compl., ECF No. 11. A week later, Delta filed its answer. Answer, ECF No. 14. Ika now requests that the clerk enter default and that I issue a default judgment against Delta for its failure to file a response to her first amended complaint. Mots., ECF No. 34; ECF No. 35. Ika contends that she is entitled to a default judgment because Delta failed to timely respond to the first amended complaint. ECF No. 35 at 2. Delta opposes the motion arguing that the first amended complaint is not operative, and Ika has not obtained a default or addressed the *Eitel v. McCool* factors. ECF No. 41 at 5–7; *see also* 782 F.2d 1470, 1470 (9th Cir. 1986). In reply, Ika asserts that, because she filed the amended

complaint prior to any responsive pleading, leave of court is not required therefore the amended complaint is operative. ECF No. 44 at 2. Ika's arguments fail as a matter of law.

Federal Rule of Civil Procedure 15 permits a plaintiff to file an amended complaint, as a matter of course, twenty-one days from the date of service. Fed. R. Civ. P. 15(a)(1)(A). Here, Ika filed an amended complaint almost forty-five days after Delta was served. *See* ECF No. 8; Am. compl., ECF No. 11. The rule further provides amendment "if the pleading is one to which a responsive pleading is required, 21 days **after** service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Ika's amended complaint was filed seven days **before** Delta filed its answer.[1] After these time frames expire, amendment is no longer available as an entitlement, so a plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). As evidenced by the record, Ika did not obtain consent to amend her pleading from Delta prior to its filing. However, one week after Ika's untimely amendment, she moved for leave to file a first amended complaint.[2] ECF No. 16. In that motion, Ika acknowledges she is not entitled to amended as a matter of course because her first amended complaint was filed "outside the 21-day period allowed" and because "[p]laintiff did not amend as of right and now seeks leave." *Id.* at 3.

"An amended complaint that is improperly filed without leave of court or consent of the opposing party does not supersede the original." *Hard Drive Prods. v. Doe*, 2012 U.S. Dist. LEXIS 130351, *9 (N.D. Cal. Sept. 13, 2012) (citing *Taa v. Chase Home Fin., LLC*, 2012 U.S. Dist. LEXIS 18972 (N.D. Cal. Feb. 15, 2012)); *see also United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("The failure to obtain leave results in an amended complaint having no legal effect."). So, at this point, the amended pleading is without legal effect therefore the entry of default and default judgment are inappropriate at this juncture.

---

[1] Delta has not filed and served a motion to dismiss.
[2] The merits of that motion have not yet been considered by the magistrate judge.

II.     Conclusion

IT IS HEREBY ORDERED that the plaintiff's request for entry of clerk's default [ECF No. 34] and motion for default judgment [ECF No. 35] are DENIED.

Dated: August 4, 2025

_____
Cristina D. Silva
United States District Judge