UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Susana Ika, | Case No. 2:24-cv-02395-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Delta Air Lines, Inc., | |
| Defendant. | |

Before the Court is pro se Plaintiff Susana Ika's motion to amend her complaint (ECF No. 16), motion to strike Defendant Delta Air Lines, Inc.'s answer (ECF No. 31), and motion for dispositive sanctions (ECF No. 33). Because Defendant's arguments in response to Plaintiff's motion to amend concern futility and because courts freely give leave to amend, the Court grants Plaintiff's motion to amend her complaint. Because Plaintiff's motions to strike and for sanctions are without merit, the Court denies them.

**I.      Plaintiff's motion to amend her complaint.**

Plaintiff moves to amend her complaint to clarify her factual and legal claims, to add additional facts and claims, and to include the right to sue letter she received from the EEOC. (ECF No. 16). Defendant opposes, asserting that Plaintiff's proposed amended complaint does not contain certain of the additional facts Plaintiff says it does and that, in any event, Plaintiff's amendment is futile because her claims would not survive a motion to dismiss. (ECF No. 20). Plaintiff argues in reply that her additional facts strengthen her claims. (ECF No. 23).

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers

1  five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendant carries the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendant's arguments against Plaintiff's amendment concern futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim.

Defendant's arguments are thus better developed through a motion to dismiss and the Court grants Plaintiff's motion to amend.

## II. Plaintiff's motion to strike Defendant's answer to her original complaint.

Due to some confusion over which of her amended complaints is operative, Plaintiff moves to strike Defendant's answer to her original complaint, which answer is filed at ECF No. 14. (ECF No. 31). Plaintiff asserts that, really, her amended complaint filed at ECF No. 11 is the operative complaint and so Defendant's answer to her original complaint was improper. The Court has already found that Plaintiff's amended complaint filed at ECF No. 11 is not operative. (ECF No. 48 at 2). Her motion to strike is therefore without merit and the Court denies it.

## III. Plaintiff's motion for sanctions or default.

Plaintiff moves for default sanctions against Defendant for its purported failure to include an insurance agreement in its initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iv). (ECF No. 33). Plaintiff's motion fails for three reasons. First, she has moved under Federal Rule of Civil Procedure 37(b)(2)(A) which provides sanctions for a party's failure to comply with a discovery order. But there is no operative discovery order with which Defendant has failed to comply. Second, Plaintiff did not meet and confer before bringing her motion as required under Local Rule 26-6. Third, even if Plaintiff properly met and conferred, Defendant has asserted that it does not have an insurance agreement that fits the requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iv) [1] and so it properly reported "not applicable" in its initial disclosures. A court cannot order the production of documents it has no reason to believe exist. *See Mizrahi v. Google LLC*, 732 F.Supp.3d 1068, 1070 (N.D. Cal. 2024). Plaintiff's motion is without merit and the Court denies it.

---

[1] That rule requires a party to produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv).

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend her complaint (ECF No. 16) is **granted.** Plaintiff must file and serve her amended complaint as required by Local Rule 15-1(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 31) and motion for sanctions (ECF No. 33) are **denied.**

DATED: August 22, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE