# EXHIBIT 4: Defendant's Discovery Responses and Objections

# Case No. 2:24-cv-02395-CDS-DJA

```
Z. Kathryn Branson, Esq.
Nevada Bar No. 11540
Taylor A. Buono, Esq.
Nevada Bar. No. 15513
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113-4770
Telephone:    702.862.8800
Fax No.:      702.862.8811
kbranson@littler.com
tbuono@littler.com

Attorneys for Defendant
DELTA AIR LINES, INC.
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SUSANA IKA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>　　　　　Defendant. | Case No. 2:24-cv-02395-CDS-DJA<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   PLAINTIFF SUSANA IKA

RESPONDING PARTY:     DEFENDANT DELTA AIR LINES, INC.

SET NO:                              TWO

　　　　Defendant Delta Air Lines, Inc. ("Defendant") hereby submits its response to Plaintiff Susana Ika's Second Request for Production of Documents as follows:

### PRELIMINARY STATEMENT

　　　　The information contained in the responses set forth below is based only upon the information and documents currently available to Defendant. Defendant's investigation and discovery in preparation for trial has not been completed. Additional investigation may disclose further information and documents relevant to these responses, as could information and documents obtained by Defendant from Plaintiff or third parties through additional discovery procedures. Therefore, Defendant expressly reserves the right at any time to alter, amend, supplement, modify or otherwise

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

revise their responses if, for any reason, such alterations, amendments, supplements, modifications, or revisions become appropriate or warranted or as may be required by Rule 34 of the Federal Rules of Civil Procedure. All of Defendant's responses are made subject to this preliminary statement.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to Plaintiff's suspension and termination, including:

- Suspension and termination letters;
- Internal emails, notes, and memoranda;
- Manager communications and recommendations.

**RESPONSE TO REQUEST NO. 1:**

See documents previously produced as DELTA0000055-DELTA000061.

**REQUEST FOR PRODUCTION NO. 2:**

All records or correspondence submitted to the unemployment office or state agency in response to Plaintiff's claim for unemployment benefits, including reasons provided for separation.

**RESPONSE TO REQUEST NO. 2:**

Objection. This request seeks documents and information that are not relevant to any party's claims or defenses and are thus not proportional to the needs of the case. Defendant is not aware of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents describing any investigation, witness statements, or reports prepared in connection with Plaintiff's suspension or termination.

**RESPONSE TO REQUEST NO. 3:**

Objection. This request is overly broad and unduly burdensome in that it seeks "all documents" without limitation in scope related to Plaintiff's suspension and termination. This request seeks documents protected under the attorney-client privilege and/or work product doctrine. Subject to and without waiving objection, see documents previously produced as DELTA000048-DELTA000061.

**REQUEST FOR PRODUCTION NO. 4:**

All write-ups, warnings, performance notices, or internal documentation related to discipline

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

1  issued to Plaintiff during her employment.

2  **RESPONSE TO REQUEST NO. 4:**

3  Objection. This request seeks documents and information not relevant to any party's claims or
4  defenses and thus not proportional to the needs of the case. This request is also duplicative of Request
5  No. 21 in Plaintiff's First Request for Production of Documents. Subject to and without waiving
6  objections, see documents previously produced as DELTA0000274-DELTA000034 and
7  DELTA000055-DELTA000061.

8  **REQUEST FOR PRODUCTION NO. 5:**

9  A list of all Delta employees disciplined, suspended, or terminated at the LAS station from
10 July 1, 2015 to present, with reasons and disciplinary documents for each.

11 **RESPONSE TO REQUEST NO. 5:**

12 Objection. This request seeks documents and information which are overly broad, unduly
13 burdensome, not relevant to either party's claims or defenses, and not proportional to the needs of the
14 case. This request is excessively broad in time and scope seeking confidential identifying information
15 for a potentially excessive number of Delta employees, without limitation, over a 10-year period.
16 Defendant also objects because this request seeks highly sensitive and confidential personnel
17 information of a non-party employee(s). Disclosure of such information would violate the individual's
18 right to privacy and confidentiality under Nevada law and public policy, even with redactions.
19 Defendant specifically objects to the production of any documents containing personal identifying
20 information. Such information is protected under state and federal privacy laws and will not be
21 produced under any circumstances without a protective order and appropriate redactions. Additionally,
22 this request seeks documents pertaining to a non-party individual(s) whose employment records are
23 not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

24 **REQUEST FOR PRODUCTION NO. 6:**

25 All documents relating to Plaintiff's requests for accommodation, including:
26 o  Pregnancy-related accommodations (light duty, breaks, sick leave, bathroom access);
27 o  Sexual Harassment (Accommodation request made not to work near or by harasser, notes
28     and documents by managers of request made by Plaintiff after Sexual Harassment

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

3

1         incident).
2         o   Religious accommodations;
3         o   COVID-19 accommodations;
4         o   Transfer requests related to RAP Back program;
5         o   Requests related to domestic violence support (on behalf of others).

6   **RESPONSE TO REQUEST NO. 6:**

7           Objection. This request is duplicative of Request No. 7 of Plaintiff's First Request for
8   Production of Documents. Defendant further objects as this request seeks documents and information
9   that are not relevant to any party's claims or defenses, are overly broad, and not proportional to the
10  needs of the case. Subject to and without waiving objection, see documents previously produced at
11  DELTA000035-DELTA000046.

12  **REQUEST FOR PRODUCTION NO. 7:**

13          Any undue hardship analysis Delta conducted in response to Plaintiff's accommodation
14  requests and all managers or Human Resources Manager's involved.

15  **RESPONSE TO REQUEST NO. 7:**

16          Objection. This request is vague and ambiguous as to any "accommodation requests" plaintiff
17  is referring to and Defendant is unable to discern documents or information responsive to the request.
18  The request is unlimited in time or scope and is overly broad, unduly burdensome, and seeks
19  documents irrelevant and not proportional to the needs of the case. This request also seeks documents
20  or information potentially protected by the attorney-client privilege and/or work-product doctrine.
21  Defendant further objects as this request is duplicative of Request No. 28 in Plaintiff's First Request
22  for Production of Documents.

23  **REQUEST FOR PRODUCTION NO. 8:**

24          Internal HR or managerial communications regarding any of Plaintiff's accommodation
25  requests.

26  **RESPONSE TO REQUEST NO. 8:**

27          Objection. This request seeks documents and information that are not relevant to any party's
28  claims or defenses, are overly broad, and not proportional to the needs of the case. Defendant further

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

1  objects as this request is duplicative of Request No. 7 in Plaintiff's First Request for Production of

2  Documents. Subject to and without waiving objections, see documents previously produced at

3  DELTA000035-DELTA000046.

4  **REQUEST FOR PRODUCTION NO. 9:**

5        Delta's policies and procedures on accommodations for religious beliefs, pregnancy, medical

6  conditions, or transfers.

7  **RESPONSE TO REQUEST NO. 9:**

8        Object. This request is overly broad and unduly burdensome as it is not limited in time or

9  scope. This request seeks confidential and proprietary information which Delta will not provide

10 without a protective order. This request also seeks documents not relevant to any party's claims or

11 defenses, is overly broad and unduly burdensome, and not proportional to the needs of the case.

12 **REQUEST FOR PRODUCTION NO. 10:**

13       A list of all Delta employees who requested accommodations from July 1, 2015 to present,

14 including:

15 - Nature of accommodation;

16 - Department;

17 - Decision made;

18 - Names of involved managers or HR.

19 **RESPONSE TO REQUEST NO. 10:**

20       Objection. This request seeks documents and information which are overly broad, unduly

21 burdensome, not relevant to either party's claims or defenses, and not proportional to the needs of the

22 case. This request is excessively broad in time and scope seeking all accommodation requests from

23 any Delta employee, without limitation, over a 10-year period. Defendant also objects because this

24 request seeks highly sensitive and confidential personnel information of a non-party employee(s).

25 Disclosure of such information would violate the individual's right to privacy and confidentiality

26 under Nevada law and public policy, even with redactions. Defendant specifically objects to the

27 production of any documents containing personal identifying information. Such information is

28 protected under state and federal privacy laws and will not be produced under any circumstances

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

5

without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case. Defendant further objects as this request is duplicative to Request No. 35 in Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 11:**

All written, recorded, or typed statements made by:

- Tia Harris;
- Rikk Beemer
- Nicole Warner
- Mark Basset;
- Any manager involved in the March 22, 2023 incident.

**RESPONSE TO REQUEST NO. 11:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case. Subject to and without waiving objection, see documents previously produced as DELTA000048-DELTA000054; DELTA000056-DELTA000059.

**REQUEST FOR PRODUCTION NO. 12:**

All communications between or among Tia Harris, Mark Basset, Rikk Beemer, Nicole Warner, Samuel Enlof, Ed Bastian, or any manager regarding the incident involving Plaintiff on or around March 22, 2023.

**RESPONSE TO REQUEST NO. 12:**

Objection. This request seeks documents and information not relevant to either party's claims or defenses and not proportional to the needs of the case. Subject to and without waiving objection, see documents previously produced as DELTA000048-DELTA000054; DELTA000056-DELTA000059.

**REQUEST FOR PRODUCTION NO. 13:**

Any disciplinary records or internal investigations involving Delta managers or corporate

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

6

security personnel related to the events involving Plaintiff.

**RESPONSE TO REQUEST NO. 13:**

Objection. This request seeks documents and information which are overly broad, unduly burdensome, not relevant to either party's claims or defenses, and not proportional to the needs of the case. Defendant also objects because this request seeks highly sensitive and confidential personnel information of a non-party employee(s). Disclosure of such information would violate the individual's right to privacy and confidentiality under Nevada law and public policy, even with redactions. Defendant specifically objects to the production of any documents containing personal identifying information. Such information is protected under state and federal privacy laws and will not be produced under any circumstances without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

All documents identifying who removed or accessed Plaintiff's locker after her suspension or termination.

**RESPONSE TO REQUEST NO. 14:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15:**

Inventory of items removed, photographs, communications, or records showing how Plaintiff's personal property was handled, stored, or returned and proof Plaintiff's property was returned to her.

**RESPONSE TO REQUEST NO. 15:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

7

**REQUEST FOR PRODUCTION NO. 16:**

Delta's policies regarding employee property retrieval following separation.

**RESPONSE TO REQUEST NO. 16:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:**

All notes, forms, interview evaluations, and onboarding checklists related to Plaintiff's initial hiring.

**RESPONSE TO REQUEST NO. 17:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case. Subject to and without waiving objections, see documents previously produced as DELTA000001-DELTA000026.

**REQUEST FOR PRODUCTION NO. 18:**

Communications by Rikk Beemer or other managers during Plaintiff's interview and hiring process, including evaluations of Plaintiff's qualifications.

**RESPONSE TO REQUEST NO. 18:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 19:**

Policies governing background checks, RAP Back enrollment disclosures, and job descriptions used during Plaintiff's hiring.

///

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

8

**RESPONSE TO REQUEST NO. 19:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**

A list of employees at the LAS Station from 2015 to present who:

- Were suspended or terminated;
- Filed complaints or engaged in protected activity;
- Requested accommodations;
- Were reassigned or permitted to avoid RAP Back.

**RESPONSE TO REQUEST NO. 20:**

Objection. This request is improperly compound. This request is also duplicative of Request Nos. 6, 16, 17, 19, 26, 27, 35, and 36 in Plaintiff's First Request for Production of Documents. This request seeks documents and information that are not relevant to any party's claims or defenses and are thus not proportional to the needs of the case. This request is overly broad and unduly burdensome as it seeks confidential identifying information of potentially hundreds of employees over a 10-year period. Defendant also objects because this request seeks highly sensitive and confidential personnel information of a non-party employee(s). Disclosure of such information would violate the individual's right to privacy and confidentiality under Nevada law and public policy, even with redactions. Defendant specifically objects to the production of any documents containing personal identifying information. Such information is protected under state and federal privacy laws and will not be produced under any circumstances without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

Disciplinary records or documentation related to such employees.

///

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

9

**RESPONSE TO REQUEST NO. 21:**

Objection. This request is vague and ambiguous as to which records Plaintiff is seeking. This request seeks documents and information that are not relevant to any party's claims or defenses and are thus not proportional to the needs of the case. This request is overly broad and unduly burdensome as it seeks confidential identifying information of potentially hundreds of employees over a 10-year period. Defendant also objects because this request seeks highly sensitive and confidential personnel information of a non-party employee(s). Disclosure of such information would violate the individual's right to privacy and confidentiality under Nevada law and public policy, even with redactions. Defendant specifically objects to the production of any documents containing personal identifying information. Such information is protected under state and federal privacy laws and will not be produced under any circumstances without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22:**

All internal communications, memos, presentations, or meeting materials used to introduce or explain the RAP Back Program to Delta employees system-wide and at the LAS station between 2007 and March 22, 2023.

**RESPONSE TO REQUEST NO. 22:**

Objection. This request is overly broad and unduly burdensome in that it seeks "all" records between 2007-2023—a 16-year period. This request seeks documents and information which are not relevant and not proportional to the needs of the case. Additionally, this request seeks documents potentially protected by attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 23:**

All records of meetings, town halls, or briefings in which the RAP Back Program was presented or discussed, including:

- Date and time;
- Location;
- Attendees;

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

10

1       • Facilitators or managers present;

2       • Materials provided.

3 **RESPONSE TO REQUEST NO. 23:**

4     Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case. This request further seeks the disclosure of sensitive and confidential personnel information of a non-party employee(s). Disclosure of such information would violate the individual's right to privacy and confidentiality under Nevada law and public policy, even with redactions. Defendant specifically objects to the production of any documents containing personal identifying information. Such information is protected under state and federal privacy laws and will not be produced under any circumstances without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

16 **REQUEST FOR PRODUCTION NO. 24:**

17     Any internal communications, intranet posts, or training materials made available to employees about the RAP Back Program before March 22, 2023.

19 **RESPONSE TO REQUEST NO. 24:**

20     Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

24 **REQUEST FOR PRODUCTION NO. 25:**

25     All feedback, complaints, or concerns submitted by Delta employees (verbally, in writing, via hotline, ethics portal, etc.) regarding the RAP Back Program, and any internal notes, responses, or follow-up actions by Delta.

28 ///

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

11

**RESPONSE TO REQUEST NO. 25:**

Objection. This request is duplicative of Request No. 19 in Plaintiff's First Request for Production of Documents. This request is overly broad and unduly burdensome and seeks documents and information not relevant to any party's claims or defenses and not proportional to the needs of the case. Defendant also objects because this request seeks highly sensitive and confidential personnel information of a non-party employee(s). Disclosure of such information would violate the individual's right to privacy and confidentiality under Nevada law and public policy, even with redactions. Defendant specifically objects to the production of any documents containing personal identifying information. Such information is protected under state and federal privacy laws and will not be produced under any circumstances without a protective order and appropriate redactions. Additionally, this request seeks documents pertaining to a non-party individual(s) whose employment records are not relevant to any claim or defense in this matter and are not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26:**

All internal documents analyzing employee reaction, legal concerns, religious objections, or ethical issues with the RAP Back Program.

**RESPONSE TO REQUEST NO. 26:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case. Defendant further objects as the request seeks documents and information protected by attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

All documents submitted by Delta to the EEOC in response to any charge(s) filed by Plaintiff, including:

- Delta's position statement(s);
- All supporting documents and exhibits;
- Any communications with the EEOC;
- Internal drafts or correspondence relating to these submissions.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

12

**RESPONSE TO REQUEST NO. 27:**

Objection. This request is duplicative of Request No. 33 in Plaintiff's First Request for Production of Documents. This request seeks documents and information which are irrelevant to either party's claims or defenses and not proportional to the needs of the case. Defendant further objects as the request seeks documents and information protected by attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, logs, or records showing the date and time Plaintiff's access to DLNet (Delta's internal employee portal) was restricted, suspended, or terminated.

**RESPONSE TO REQUEST NO. 28:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 29:**

All documents showing the termination or deactivation of Plaintiff's Delta email account, including the date/time and who authorized or initiated it.

**RESPONSE TO REQUEST NO. 29:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30:**

All records showing the termination of Plaintiff's non-revenue flight privileges, including:

- The effective date of loss of flight benefits;
- Internal communications or memos authorizing the removal;
- Any notice sent to Plaintiff;
- Any policy governing removal of flight benefits following suspension or termination.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

13

**RESPONSE TO REQUEST NO. 30:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 31:**

Any communications, tickets, or logs reflecting whether Plaintiff attempted to use flight benefits or log in to DLNet after her suspension or during administrative leave.

**RESPONSE TO REQUEST NO. 31:**

Objection. This request is overly broad and unduly burdensome as it is not limited in time or scope. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 32:**

All current and historical versions of Delta's employee handbook, Rules of the Road, and any other policy manuals in effect from July 1, 2015 to the present, including:

- Policies related to employee discipline, workplace conduct, accommodations, harassment, retaliation, ethics, and religious or medical exemptions;
- RAP Back Program communications or disclosures;
- Security and badge access procedures;
- Leave of absence, pregnancy accommodations, domestic violence leave, and COVID-related procedures.

**RESPONSE TO REQUEST NO. 32:**

Objection. This request is improperly compound. This request is overly broad and unduly burdensome as it is not limited in time or scope in seeking all historical and current versions of documents over a 10-year period. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

14

**REQUEST FOR PRODUCTION NO. 33:**

All versions of Delta's corporate bylaws, employment policies, or internal governance documents applicable to Plaintiff's employment during the relevant period (July 1, 2015 to present).

**RESPONSE TO REQUEST NO. 33:**

Objection. This request is improperly compound. This request is overly broad and unduly burdensome as it is not limited in time or scope in seeking all historical and current versions of documents over a 10-year period. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 34:**

All documents reflecting updates, revisions, or changes made to any of the above policies, including:

- Dates of change;
- Summary of changes;
- Individuals or departments responsible for implementing the changes;
- Notices provided to employees.

**RESPONSE TO REQUEST NO. 34:**

Objection. This request is improperly compound. This request is overly broad and unduly burdensome as it is not limited in time or scope in seeking all historical and current versions of documents over a 10-year period. This request seeks documents and information not related to or limited to the allegations in the complaint and seeks documents which are not relevant to either party's claims or defenses and not proportional to the needs of the case.

Dated: August 18, 2025

LITTLER MENDELSON, P.C.

_____
Z. Kathryn Branson, Esq.
Taylor A. Buono, Esq.

Attorneys for Defendant
DELTA AIR LINES, INC.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

15

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, NV 89113-4770. On August 18, 2025 I served the within document(s):

**DEFENDANT'S RESPONSES TO PLAINTIFF'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

☒ By **Email** – by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒ By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

Susana Ika
823 Grape Vine Avenue
Henderson, Nevada 89002
sanaika@live.com

Pro Se Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 18, 2025, at Las Vegas, Nevada.

/s/ Joanne Conti
Joanne Conti

4908-1555-1063.1 / 105518.1033