Z. Kathryn Branson, Esq.
Nevada Bar No. 11540
Taylor A. Buono, Esq.
Nevada Bar. No. 15513
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113
Telephone:    702.862.8800
Fax No.:         702.862.8811
kbranson@littler.com
tbuono@littler.com

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSANA IKA,<br><br>           Plaintiff,<br>v.<br><br>DELTA AIR LINES, INC.,<br><br>           Defendant. | Case No. 2:24-cv-02395-CDS-DJA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY PRODUCTION [ECF No. 69]** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PLAINTIFF FAILED TO MEET AND CONFER IN GOOD FAITH BEFORE FILING THIS MOTION.**

The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c). "Meet and confer" "means to communicate directly and discuss in good faith the issues required under the particular rule or court order." Local Rule IA 1-3(f).

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

Judges in this district have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.*

Plaintiff did not engage in good faith meet and confer efforts. *See* Declaration of Taylor A. Buono, attached hereto. During the October 30th call, the undersigned counsel attempted to meet and confer with Plaintiff in good faith. Plaintiff, however, did not discuss "each contested discovery dispute in a genuine effort to avoid judicial intervention." Rather, Plaintiff broadly stated, without providing any specific arguments as to each discovery request, that all of Defendant's responses were "improper" and demanded that Defendant "overnight" all requested documents to her. When the undersigned counsel attempted to explain that there was a requirement to specifically discuss each request, Plaintiff again demanded to "overnight" all documents. Plaintiff did not offer any support to demonstrate that the requests sought relevant information or were not overly broad or unduly burdensome. When the undersigned counsel stated Defendant would not "overnight" all the documents requested, Plaintiff terminated the call. Pro se litigants are obligated to follow the same rules as represented parties. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-representation is not an excuse for non-compliance with the court's rules and orders. *See Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). As Plaintiff failed to engage in a good faith meet and confer, Plaintiff's motion must be denied.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

2

## II. ARGUMENT

"[T]he party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Petrillo v. Pinaccle Services, Inc.*, No. 3:22-cv-00261-MMD-CLB, 2023 WL 2373802, at *3 (D. Nev. March 3, 2023); *see also Ellis v. Cambra,* No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Plaintiff has not satisfied any of these requirements. Plaintiff does not state which discovery requests are the subject of the motion to compel, though presumably she intends to compel production of documents as to all 69 document requests she issued. Plaintiff fails to offer any analysis as to each of the requests and Defendant's responses or explain why she believes the response is deficient. All Plaintiff states is the "blanket objections and failure to produce documents violate FRCP 34 and 37." She vaguely claims that Defendant proffered boilerplate objections without specific factual support. Upon reviewing the requests and responses at issue, that is not true, and Plaintiff has not satisfied her burden to demonstrate how the objections are boilerplate or without factual support, or otherwise improper. Plaintiff has not proffered any argument to support that the requests sought were relevant to the action, or any argument in response to each of Defendant's objections. "As a starting point, when moving to compel discovery, the moving party has the burden of demonstrating relevance." *Hernandez v. Howell*, No. 2:18-cv-1449-MME-CLB, 2022 WL 22932526, at *3 (D. Nev. Feb. 23, 2022). Without Plaintiff proffering any argument in support of her motion to compel, it is nearly impossible for Defendant to respond.

Notwithstanding Plaintiff's failure to specifically identify which discovery requests and responses are at issue, her failure to provide any analysis why the response is deficient, or any argument to support that each and every request sought relevant information that was not overly broad or unduly burdensome, a simple review of the requests and Defendant's specific objections show that

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

3

the requests are largely irrelevant and overbroad. Plaintiff seeks broad blanket requests related to a prior sexual harassment claim, policies and procedures related to sexual harassment, and extensive information about employees who either complained of or complained about sexual harassment. **Plaintiff's amended complaint does not state a claim for sexual harassment**. Plaintiff also seeks extensive records related to all employee's Covid-19 vaccination status, which is not relevant to the allegations of her complaint and seeks confidential medical information of thousands of non-party employees. The vast majority of Plaintiff's requests are overbroad as they have no time limitation whatsoever, and she presumably is requesting policies, communications, investigation reports, lists of employees, and other extensive information for undefined or overly broad time periods. Plaintiff's requests also often seek lists of all employees who ever requested accommodations, made complaints, were involved in investigations, or terminated (for any reason), from any location without any reasonable limitations, which is significantly overbroad and unduly burdensome, and not relevant to Plaintiff's claims in this action. As Plaintiff's requests are all significantly overbroad and extensively seek irrelevant information that is not proportional to the needs of Plaintiff's claims, her request to compel production must be denied.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Compel should be denied. Plaintiff failed to engage in a good-faith meet and confer. Plaintiff also failed to set forth any arguments to support that the documents requested were actually relevant, or arguments to support that Defendant's responses were otherwise improper.

Dated: December 9, 2025

LITTLER MENDELSON, P.C.

*/s/ Taylor A. Buono*
Z. Kathryn Branson, Esq.
Taylor A. Buono, Esq.

Attorneys for Defendant
DELTA AIR LINES, INC.

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

4

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, NV 89113-4770. On December 9, 2025 I served the within document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY PRODUCTION [ECF No. 61]**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-1, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Susana Ika
823 Grape Vine Avenue
Henderson, Nevada 89002
sanaika@live.com

Pro Se Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 9, 2025, at Las Vegas, Nevada.

*/s/ Joanne Conti*
Joanne Conti

LITTLER MENDELSON, P.C.
Attorneys At Law
8474 Rozita Lee Avenue
Suite 200
Las Vegas, Nevada 89113.4770
702.862.8800

5