UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSANA IKA, | Case No. 2:24-cv-02395-CDS-DJA |
| Plaintiff, Pro Se, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION** |
| v. | **TO COMPEL DISCOVERY RESPONSES AND** |
| DELTA AIR LINES, INC., | **DOCUMENT PRODUCTION** |
| Defendant. | |

Plaintiff Susana Ika, appearing pro se, respectfully submits this Reply in support of her Motion to Compel Discovery Responses and Document Production (ECF No. 69), in response to Defendant Delta Air Lines, Inc.'s Opposition (ECF No. 70) and the Declaration of Taylor A. Buono submitted therewith.

Defendant's Opposition relies on boilerplate objections, mischaracterizes Plaintiff's meet and confer efforts, and seeks an unjustified 90-day extension after discovery and dispositive motion deadlines have closed. Plaintiff fully complied with Fed. R. Civ. P. 34, 37(a)(1), and LR 26-6(c). The Motion should be granted, Defendant's extension denied, and reasonable expenses awarded under Rule 37(a)(5)(A).

**I. PLAINTIFF FULLY COMPLIED WITH RULE 37 AND LR 26-6(c)**

Plaintiff satisfied all meet and confer obligations. Her sworn LR 26-6(c) Declaration and supporting emails (filed with ECF No. 69) establish the following:

21 • Plaintiff repeatedly attempted to schedule meet and confer conferences; Defendant delayed

22 until the eleventh hour.

23 • In August 2025, Defendant's counsel refused to cooperate, dismissed the meet and confer as

24 "not real," and threatened sanctions if Plaintiff filed a motion to compel.

25 • On October 30, 2025, at 1:25 p.m., Plaintiff sent a written agenda to cover all Requests for

26 Production (First Set Nos. 1-36; Second Set Nos. 1-34), Bates ranges, outstanding documents,

27 production methods, and timing.

28 • At 1:30 p.m., the parties held a 3- minute, 43- second call. Plaintiff explained the relevance of

29 the requests and sought Bates confirmation, timelines, and production commitments. Defendant

30 refused to cooperate and produce documents and provided no substantive commitments. Plaintiff

31 gave Defendant opportunity to give closing remarks, Defendant did not request any extension.

32 • Only after Plaintiff filed the Motion did Defendant file a request for 90-day extension, citing a

33 vague and unverified "family emergency."

34 These facts satisfy the "meaningful, two-way communication" requirement under ShuffleMaster,

35 Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996), and Nevada Power Co. v.

36 Monsanto Co., 151 F.R.D. 118, 120 (D. Nev. 1993). Defendant offers no competing sworn

37 evidence showing good faith compliance.

38 Plaintiff further notes that during the Early Neutral Evaluation conference, Defendant

39 represented to the ENE judge that it was prepared to file a motion for summary judgment.

40 Dispositive motions closed on December 3, 2025, and Defendant filed nothing. Pretrial is set for

41 January 2, 2026, underscoring the prejudice caused by Defendant's continued delay.

42 **II. DEFENDANT'S BOILERPLATE OBJECTIONS VIOLATE RULE 34**

Defendant's written responses consist of generic objections "overbroad," "unduly burdensome," "not relevant," and "not proportional" repeated verbatim across nearly every request. Rule 34(b)(2)(B)-(C) requires specific grounds for objection and a statement whether responsive materials are being withheld.

Defendant produced approximately 61 pages while admitting that thousands of responsive documents exist. District of Nevada courts routinely reject such boilerplate objections. See Cardoza v. Bloomin' Brands, Inc., 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015). Defendants' objections fail as a matter of law.

### III. THE REQUESTED DISCOVERY IS RELEVANT AND PROPORTIONAL

Defendants improperly attempt to narrow relevance to a single theory of liability. Discovery into ongoing harassment investigations, comparator treatment, accommodations, internal policies, and enforcement practices is directly relevant to notice, motive, pretext, and retaliation. See EEOC v. Boeing Co., 577 F.3d 1046, 1050 (9th Cir. 2009); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05 (1973).

Defendant represented during the EEOC process that a sexual harassment investigation was "ongoing." Discovery into such investigations and related policies is therefore directly relevant to Plaintiff's claims and Defendant's credibility. All requested discovery is proportional under Fed. R. Civ. P. 26(b)(1), particularly where Defendant alone controls the records.

### IV. CONFIDENTIALITY DOES NOT BAR PRODUCTION

Confidentiality concerns do not justify withholding discovery. Courts routinely compel production subject to redactions or protective orders. See Day v. Celadon Trucking Servs., Inc.,

252 F.R.D. 337, 339–41 (N.D. Ind. 2008). Plaintiff has agreed to appropriate confidentiality designations; Defendant has proposed no alternative protective measures.

## V. DEFENDANT'S 90 DAY EXTENSION REQUEST IS UNJUSTIFIED

Defendant's request for a 90-day extension is unreasonable. In August 2025, Defendant sought only seven days to address similar matters. Now, after discovery and dispositive motion deadlines have passed, Defendant seeks an increase in time without affidavit or evidentiary support. Courts in this District deny such requests absent diligence and good cause. See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011).

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Grant Plaintiff's Motion to Compel (ECF No. 69).

2. Order Defendant to serve amended, Rule 34 compliant responses and produce all non-privileged documents responsive to Plaintiff's First and Second Requests for Production within 14 days.

3. Require production of personnel, discipline, suspension, termination, accommodation, RAP Back, policy, internal investigations, internal communication, comparator, complaint, and EEOC-related records, including materials reasonably related to Plaintiff's employment, protected activities and claims.

4. Deny Defendant's request for a 90-day extension; and

5. Award Plaintiff reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A).

## VII. CONCLUSION

Plaintiff complied with all procedural requirements and demonstrated the relevance and necessity of the requested discovery. Defendant's opposition lacks substantial justification and relies on legally insufficient objections. The Motion to Compel should be granted.

DATED: December 16, 2025

Respectfully submitted,

/s/ Susana Ika

Susana Ika, Pro Se

823 Grape Vine Avenue

Henderson, NV 89002

702-576-8252

sanaika@live.com