# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Susana Ika,

              Plaintiff,

    v.

Delta Air Lines, Inc.,

              Defendant.

Case No. 2:24-cv-02395-CDS-DJA

**Order**

Before the Court is Defendant Delta Air Lines, Inc's motion to extend discovery deadlines. (ECF No. 62). Defendant explains that it requires additional time to provide further responses to Plaintiff's discovery requests and to complete discovery, in particular because of its counsel's family emergency. Plaintiff argues in response that she will be prejudiced by the extension, but does not explain how or why. (ECF No. 66). Defendant has the better argument and has shown good cause for the extension it seeks. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3. The Court therefore grants Defendant's motion to extend and *sua sponte* (meaning, on its own) extends the discovery deadlines by ninety days from the date of this order because certain of the deadlines that Defendant has proposed have already passed.

Also before the Court is Plaintiff Susana Ika's renewed motion to compel Defendant to further respond to her discovery requests. (ECF No. 69). The Court denies Plaintiff's motion to compel because she does not provided a declaration "setting forth the details and results of the meet-and-confer conference *about each disputed discovery request*." LR 26-6(c) (emphasis added). But even if the Court were to accept Plaintiff's assertion that the meet and confer was unsuccessful and turned to the merits of the motion, it could not properly decide the motion. This is because, as Defendant points out, Plaintiff does not explain which discovery requests are the subject of her motion, which are disputed, why she believes each response is deficient, why the

objections are not justified, and why the information she seeks through each is relevant. *See Petrillo v. Pinnacle Services, Inc.*, No. 3:22-cv-00261-MMD-CLB, 2023 WL 2373802, at *3 (D. Nev. Mar. 3, 2023). Instead, she simply asserts in conclusory and vague fashion that Defendant's responses are deficient and that the Court should compel further responses. Therefore, the Court is not equipped to decide her motion to compel. So, it denies it without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's motion to extend discovery (ECF No. 62) is **granted.**

**IT IS FURTHER ORDERED** that the Court *sua sponte* extends the discovery deadlines as follows:

Discovery cutoff:          June 25, 2026

Dispositive motions:     July 27, 2026

Pretrial order:              August 26, 2026[1]

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 69) is **denied without prejudice.**

DATED: March 27, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.